UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DCFSA USA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-121 |
| | ) | |
| LINCOLN CARTAGE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

The Plaintiff filed its Complaint on May 6, 2008, alleging that this Court has diversity

jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket # 1.)  The Plaintiff states in its Complaint

that Plaintiff DCFSA USA LLC "is a limited liability company duly organized, chartered and

existing under the laws of the State of Michigan, with its principal place of business at 1011

Warrensville Road, Lisle, Illinois 60532."  (Compl. ¶ 1.)  The Plaintiff further alleges that

Defendant Dennis Brankle "is an individual who resides at 5840 N.E. 00 W., Marion, Indiana.

(Compl. ¶ 4.)

The Plaintiff's Complaint, however, is inadequate.  This is because the "residency" of

each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1]

*Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

statements concerning a party's "residency" are not proper allegations of citizenship as required

by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege

residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000

(7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda*

*Motors of Am.*, *Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to

Defendant Dennis Brankle, "[f]or natural persons, state citizenship is determined by one's

domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*,

980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

As to Plaintiff DCFSA USA LLC, a limited liability company's citizenship "for purposes

of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d

729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the

members of the Plaintiff LLC to ensure that none of its members share a common citizenship

with the Defendants. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Moreover, citizenship must be "traced through multiple levels" for those members of the

Plaintiff LLC who are a partnership or a limited liability company, as anything less can result in

a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock*

*& Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith that

properly alleges the citizenship of each party, tracing the citizenship of all unincorporated

associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 7th day of May, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3